J-S43012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAROD BENSON | |
| Appellant | No. 1910 EDA 2013 |

Appeal from the Judgment of Sentence May 30, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003974-2011
CP-51-CR-0007687-2011

BEFORE: GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:            **FILED AUGUST 04, 2014**

Appellant, Sharod Benson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for attempted murder, aggravated assault, carrying firearms on public streets in Philadelphia, and possessing instruments of crime.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

_____

[1] 18 Pa.C.S.A. §§ 901(a) (section 2502 related); 2702; 6108; and 907(a), respectively.

_____

*Former Justice specially assigned to the Superior Court.

Appellant raises five issues for our review:

WAS THE VERDICT AGAINST THE WEIGHT OF THE EVIDENCE?

DID THE TRIAL COURT ERR [IN] ALLOWING A WITNESS, CORVEL ODD, TO TESTIFY ABOUT SPECTATORS [AND] THEIR POSSIBLE AFFILIATION WITH APPELLANT, WITHOUT ANY EVIDENCE THEREOF?

DID THE TRIAL COURT ERR IN ALLOWING THE WITNESS, [MR. ODD], TO TESTIFY THAT HE WAS AFRAID TO APPEAR AND TESTIFY?

DID THE TRIAL COURT ERR IN ALLOWING THE COMMONWEALTH TO CALL A WITNESS, [ANTHONY WILLIAMS],[2] TO TESTIFY IN VIOLATION OF THE COURT'S SEQUESTRATION ORDER?

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR A MISTRIAL WHEN THE PROSECUTOR TESTIFIED AND CREATED EVIDENCE DURING CLOSING ARGUMENT, AS WELL AS MAKE [AN] UNFAIR COMMENT AND MIS-CHARACTERIZATION OF DEFENSE COUNSEL'S CLOSING ARGUMENT?

(Appellant's Brief at 1).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on

_____

[2] In his statement of questions presented, Appellant incorrectly identifies Otto Wells as the witness who violated the court's sequestration order. The record makes clear Anthony Williams was the witness who violated the order.

appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119. Argument**

**(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). *See also In re R.D.*, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant-juvenile waived ineffective assistance of counsel claim where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding ineffectiveness claims generally or defense counsel's specifically alleged error; appellant's lack of

analysis precluded meaningful appellate review).

Instantly, Appellant provides no argument section in his appellate brief. Instead, Appellant merely supplies a summary of the argument (less than two pages), which is not divided into separate sections for each of the five questions Appellant purports to raise on appeal. *See* Pa.R.A.P. 2119(a). Appellant's summary of the argument focuses mainly on a challenge to the sufficiency of the evidence (an issue Appellant does not even raise in his statement of questions presented) and fails to mention some of the issues Appellant actually asserts in his statement of questions presented. Significantly, Appellant's brief fails to present any cogent arguments and cites no legal authority whatsoever. *See id.*; *Hardy, supra*. Appellant's failure to develop his claims on appeal precludes meaningful review and constitutes waiver of his issues. *See In re R.D., supra*; *Gould, supra*.

Moreover, Appellant's challenge to the weight of the evidence must be preserved by a motion for new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion. Pa.R.Crim.P. 607(A). "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004). An appellant's failure to avail himself of any of the prescribed methods for

presenting a weight of the evidence issue to the trial court constitutes waiver of that claim. ***Commonwealth v. Burkett***, 830 A.2d 1034 (Pa.Super. 2003). Here, Appellant failed to challenge the weight of the evidence before the trial court in a motion for new trial. ***See*** Pa.R.Crim.P. 607(A). Consequently, even if Appellant had properly developed this claim on appeal, his first issue would be waived on this basis.[3] ***See Burkett, supra***.

Regarding Appellant's second, third, fourth, and fifth appellate issues, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Steven R. Geroff, we conclude that even if Appellant had properly developed these claims in his appellate brief, those issues would still afford Appellant no relief. The trial court opinion comprehensively discusses and properly disposes of Appellant's second, third, fourth, and fifth issues on appeal. (***See*** Trial Court Opinion, filed December 24, 2013, at 7-14; 20-27) (finding: **(issues 2 and 3)** at trial, Mr. Odd recanted earlier statements he made to police implicating Appellant and other frequent patrons of Eagle Bar in crimes charged;[4] prosecutor elicited testimony from Mr. Odd regarding identity of spectators

---

[3] Appellant also did not raise a challenge to the weight of the evidence in his court-ordered Rule 1925(b) statement. ***See Commonwealth v. Castillo***, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (holding issues not raised in Rule 1925(b) statement will be deemed waived on appeal).

[4] The shooting took place outside of the Eagle Bar.

in courtroom, whom Mr. Odd identified as familiar from Eagle Bar, to counter Mr. Odd's recantations and evasiveness at trial; prosecutor also elicited testimony from Mr. Odd that he had been physically intimidated outside of Eagle Bar just four months prior to testifying and was adverse to appearing in court for fear of his safety; court properly admitted Mr. Odd's testimony to inform jury why Mr. Odd recanted earlier statements; court's admission of Mr. Odd's testimony did not constitute abuse of court's discretion; **(issue 4)** Mr. Williams technically violated court's sequestration order when he was present in courtroom during portion of Mr. Odd's cross-examination;[5] Mr. Odd and Mr. Williams viewed shooting from different vantage points and their pre-trial identifications of shooters differed;[6] at trial, Mr. Williams denied ever seeing Appellant, whereas Mr. Odd confirmed his prior identification of Appellant as person Mr. Odd had seen before; Mr. Williams' violation of sequestration order was *de minimis* and did not impact outcome of trial, where Mr. Odd's testimony did not mold or influence Mr. Williams' testimony; violation of sequestration order constituted harmless error; **(issue 5)** during closing argument, prosecutor discredited Appellant's claim

_____

[5] The record confirms Mr. Williams was present for only a short time during Mr. Odd's testimony, at which time Mr. Odd merely clarified how police detained him for questioning.

[6] Specifically, Mr. Odd witnessed the shooting from the front of the Eagle Bar and identified Appellant's co-defendant and another man as the shooters. Mr. Williams observed the shooting from the back of the Eagle Bar and identified Appellant as a shooter.

of potential unidentified shooter(s); prosecutor's statements were consistent with evidence presented and represented fair comments countering defense counsel's argument; prosecutor's criticism of Appellant's "unknown shooter" theory did not shift burden of proof; further, prosecutor's comments that surveillance video depicted third shooter (Mr. Haines) was proper and fair interpretation of evidence; moreover, court instructed jury that opening and closing arguments do not constitute evidence).[7]  Accordingly, Appellant's issues are waived for failure to develop them in his appellate brief.  Even if Appellant had properly developed his claims, his first issue would be waived for failure to comply with Rule 607 and Rule 1925(b); we would also have affirmed on the basis of the trial court's opinion concerning Appellant's remaining appellate issues.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/4/2014

---

[7] The correct citation for *Commonwealth v. Cook* is 597 Pa. 572, 952 A.2d 594 (2008).