J-S58040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES EDWARD CARTER, JR. | |
| Appellant | No. 604 WDA 2014 |

Appeal from the Judgment of Sentence March 14, 2014
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001556-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:               **FILED SEPTEMBER 15, 2014**

Appellant, James Edward Carter, Jr., appeals from the judgment of sentence entered in the Beaver County Court of Common Pleas, following his jury trial conviction for default in required appearance.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises two issues for our review:

> WHETHER THE WEIGHT OF THE EVIDENCE WAS NOT SUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT IS GUILTY OF THE CRIME ALLEGED?

———————————————

[1] 18 Pa.C.S.A. § 5124(a).

———————————————

*Retired Senior Judge assigned to the Superior Court.

WHETHER THE EVIDENCE WAS NOT SUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT IS GUILTY OF THE CRIME ALLEGED?

(Appellant's Brief at 7).[2]

As a preliminary matter, generally, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

**Rule 607.  Challenges to the Weight of the Evidence**

(A)  A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2)  by written motion at any time before sentencing; or

(3)  in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3).  "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004).  A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement.  *Commonwealth v. Burkett*, 830 A.2d 1034

---

[2] Appellant's Brief is not paginated, but Appellant's Table of Contents lists the Statement of Questions Presented at page 7.

(Pa.Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. *Id.*

Instantly, Appellant failed to challenge the weight of the evidence before the trial court in a motion for a new trial. *See* Pa.R.Crim.P. 607. Rather, Appellant raised his weight claim for the first time in his Rule 1925(b) statement. *See Burkett, supra*. Thus, his first issue on appeal is waived. *See* Pa.R.Crim.P. 607; *Gillard, supra*; *Burkett, supra*.[3]

With respect to Appellant's challenge to the sufficiency of the evidence, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Kim Tesla, we conclude Appellant's second issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that question. (*See*

_____

[3] Moreover, the trial court reasoned that Appellant's inconsistent explanations at trial, regarding why he failed to report to serve his sentence, contradicted the Commonwealth's straightforward account of the facts; the jury resolved the credibility determinations against Appellant; and the jury's decision did not shock the court's conscience. Thus, even if Appellant had properly preserved his weight claim for appellate review, we would see no error in the court's decision to deny relief. *See Commonwealth v. Champney*, 574 Pa. 435, 832 A.2d 403 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (explaining weight of evidence is exclusively for finder of fact who is free to believe all, part, or none of evidence and to determine credibility of witnesses; this Court cannot substitute its judgment for that of fact-finder and may reverse verdict only if it is so contrary to evidence as to shock one's sense of justice).

Trial Court Opinion, filed May 12, 2014, at 3-5) (finding: pursuant to March 5, 2013 sentencing order, court directed Appellant to report to serve sentence on April 4, 2013, at 9:00 a.m.; parties stipulated that Appellant's required appearance was to serve sentence for felony conviction; despite efforts to locate Appellant after he failed to report, police did not discover Appellant until August 4, 2013; Commonwealth demonstrated that Appellant went into hiding to avoid apprehension and punishment; Appellant consciously disregarded substantial and unjustifiable risk of obstructing criminal justice system by failing to report, constituting reckless behavior; Appellant proffered no lawful excuse for failing to report; Commonwealth presented sufficient evidence to sustain verdict).  Accordingly, Appellant's first issue is waived; with respect to Appellant's second issue on appeal, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2014

- 4 -