J-S41032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
MICHAEL E. ARNOLD :
:
Appellant : No. 1577 MDA 2016

Appeal from the Judgment of Sentence August 23, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002469-2015

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED JULY 24, 2017**

Appellant, Michael E. Arnold, appeals from the judgment of sentence entered in the York County Court of Common Pleas, following his jury trial convictions of aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, and corruption of minors.[1] We affirm.

The relevant facts and procedural history of this case are as follows. In 2009 and 2010, Appellant dated M.S., who is the mother of K.M. ("Victim"). During this time, Appellant often stayed at M.S.'s home and sexually abused Victim on numerous occasions. Specifically, Appellant digitally penetrated Victim's vagina and fondled Victim's breasts during the

_____

[1] 18 Pa.C.S.A. §§ 3125(b), 3126(a)(7), and 6301(a)(1)(i), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

incidents of abuse. Victim was about ten years old at the time. Victim told M.S. about the abuse in October 2014. M.S. subsequently took Victim to the police station, and Victim reported the abuse on October 13, 2014. Victim provided specific details to a Child Advocacy Center worker during an interview on October 23, 2014. A subsequent investigation into the reported abuse led to Appellant's arrest.

On May 15, 2015, the Commonwealth charged Appellant with two counts of corruptions of minors, and one count each of attempted involuntary deviate sexual intercourse with a person less than 13 years of age, aggravated indecent assault of a child, and indecent assault of person less than 13 years of age. Appellant proceeded to a jury trial on May 16, 2016. At trial, the Commonwealth presented the testimony of Victim, who detailed specific instances of abuse. The Commonwealth also presented the testimony of M.S., who explained how she and Victim reported the abuse to police. The Commonwealth further presented the testimony of Detective Michael Hine, who detailed his investigation of the abuse. For the defense, Appellant testified on his own behalf. Appellant denied the allegations of sexual abuse and explained his struggle with alcoholism during the period of alleged abuse. The jury ultimately convicted Appellant of aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, and corruption of minors. The court deferred sentencing pending a sexually violent predator ("SVP") assessment by a member of the Sexual

Offender Assessment Board ("SOAB"), and the preparation of a pre-sentence investigation ("PSI") report.

On August 23, 2016, the Commonwealth abandoned its pursuit of SVP status. The court subsequently sentenced Appellant to a term of five (5) to ten (10) years' imprisonment for the aggravated indecent assault of a child conviction, a concurrent term of one (1) to two (2) years' imprisonment for the indecent assault of a person less than 13 years of age conviction, and a consecutive term of five (5) years' probation for the corruption of minors conviction. Appellant timely filed a notice of appeal on September 21, 2016. On September 22, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on October 13, 2016.

Appellant raises the following issue for our review:

> WAS THERE INSUFFICIENT EVIDENCE TO CONCLUDE THAT…APPELLANT HAD INAPPROPRIATE SEXUAL CONTACT WITH [VICTIM]?

(Appellant's Brief at 7).

Appellant argues the Commonwealth's evidence contained so many inconsistencies that it did not establish Appellant's guilt beyond a reasonable doubt. Appellant specifically avers the evidence was insufficient to support his convictions because Victim did not call for help despite the presence of others during the alleged instances of abuse. Appellant also claims the evidence was insufficient to support his convictions due to Victim's failure to

report the abuse until almost five years after the alleged incidents. Appellant finally complains the evidence was insufficient to support his convictions in light of Victim's constantly changing story about how the abuse occurred. Appellant concludes the Commonwealth failed to present sufficient, credible evidence for the jury to conclude Appellant had inappropriate sexual contact with Victim, and this Court should reverse the verdict or remand for a new trial. We disagree.

Preliminarily, an argument that the fact-finder should have discredited a witness' testimony goes to the weight of the evidence, not the sufficiency of the evidence. *Commonwealth v. W.H.M.*, 932 A.2d 155, 160 (Pa.Super. 2007). "A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). A weight claim must be presented to the trial court while it exercises jurisdiction over a matter because "appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict was against the weight of the evidence." *Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (Pa.Super. 2003). Failure to raise a weight of the evidence claim in the trial court will result in waiver of the issue on appeal, regardless of whether the appellant raises the issue on appeal or the trial court addresses the issue in its Rule 1925(a)

opinion. *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009), *cert. denied*, 559 U.S. 1111, 130 S.Ct. 2415, 176 L.Ed.2d 932 (2010).

Here, Appellant claims to challenge the sufficiency of the evidence to support his convictions, but most of his argument challenges the credit given to Victim's testimony by the jury. As such, Appellant raises a challenge to the weight of the evidence, not the sufficiency of the evidence. *See W.H.M., supra*. Significantly, Appellant did not raise this weight claim orally prior to sentencing, by written motion prior to sentencing, or in a timely filed post-sentence motion. *See* Pa.R.Crim.P. 607(A). Thus, Appellant's challenge to the weight of the evidence is waived for purposes of our review. *See Sherwood, supra*.

To the extent Appellant's issue questions the sufficiency of the evidence, a sufficiency of the evidence claim implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Crime Code defines aggravated indecent assault of a child in relevant part as follows:

**§ 3125. Aggravated indecent assault**

**(a) Offenses defined.—**Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic, or law enforcement procedures commits aggravated indecent assault if:

(1) the person does so without the complainant's consent;

(2) the person does so by forcible compulsion;

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(4) the complainant is unconscious or the person knows that the complainant is unaware that the penetration is occurring;

(5) the person has substantially impaired the complainant's power to appraise or control his or her

- 6 -

conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance;

(6) the complainant suffers from a mental disability which renders him or her incapable of consent;

\* \* \*

**(b)  Aggravated indecent assault of a child.**—A person commits aggravated indecent assault of a child when the person violates subsection (a)(1), (2), (3), (4), (5) or (6) and the complainant is less than 13 years of age.

18 Pa.C.S.A. §§ 3125(a)(1)-(6), and (b).

The Crimes Code defines indecent assault of a person less than 13 years of age in relevant part as follows:

**§ 3126.  Indecent assault**

**(a)  Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

\* \* \*

(7) the complainant is less than 13 years of age;

\* \* \*

18 Pa.C.S.A. § 3126(a)(7).  Section 3101 defines indecent contact as "[a]ny touching of the sexual or other intimate parts of the person for the purposes of arousing or gratifying sexual desire, in any person."  18 Pa.C.S.A. § 3101.

Additionally, the Crimes Code defines corruption of minors in relevant part as follows:

### § 6301.  Corruption of minors

### (a)  Offense defined.—

> (1)(i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1)(i).  "The statute requires that the knowing, intentional acts of the perpetrator tend to have the effect of corrupting the morals of a minor."  *Commonwealth v. DeWalt*, 752 A.2d 915, 918 (Pa.Super. 2000).  Actions that tend to corrupt the morals of a minor are those that "would offend the common sense of the community and the sense of decency, propriety and morality which most people entertain."  *Id.*

Importantly, "when challenging the sufficiency of the evidence on appeal, [an appellant's Rule 1925(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal."  *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 607 Pa. 690, 3 A.3d 670 (2010).  "Such specificity is of particular importance in cases where [an appellant] was convicted of multiple crimes each of which contains numerous elements that the

Commonwealth must prove beyond a reasonable doubt." *Id.*

Instantly, Appellant failed to raise his sufficiency claim with any specificity in his Rule 1925(b) statement. Appellant's Rule 1925(b) statement claimed the evidence at trial was insufficient to sustain the jury's verdicts of guilt. Significantly, Appellant's Rule 1925(b) statement did not identify which convictions he sought to challenge and which elements of those convictions the Commonwealth failed to prove beyond a reasonable doubt. Thus, Appellant's challenge to the sufficiency of the evidence is waived for purposes of our review. *See Gibbs, supra*.

Moreover, even if Appellant had properly preserved this claim, the court reasoned:

> [Victim] testified in this matter. She testified she knew [Appellant], that [Appellant] took her pants off and "fingered" her by inserting his fingers inside her vagina. At the time, [Victim] was about 10 years old. [Victim] also testified that "he touched my boobs and butt." She testified about additional incidents as well.
>
> The Commonwealth further presented the testimony of Detective Michael Hine who testified that during an interview of Appellant, Appellant said he might have touched [Victim] by "mistake," which Appellant admitted when he testified. Appellant denied he did anything inappropriate.
>
> The testimony offered by the Commonwealth…satisfies the elements necessary to find Appellant guilty of [aggravated indecent assault of a child, indecent assault of a person less than 13 years of age, and corruption of minors].
>
> [Victim] was cross[-]examined by trial counsel, and, although some of her recollection of events was called into question, other questions served to fill in gaps in her

testimony. As [this court previously] said, Appellant himself testified.

The jury was properly instructed concerning the failure to complain promptly. The fact that the jury chose to believe…[V]ictim over…Appellant is not grounds for setting aside the verdict.

\* \* \*

Appellant's general claims of insufficient evidence to support the verdict are without merit. Testimony offered by the Commonwealth, if believed, established all of the essential elements of the crimes of conviction. The [judgment] of sentence should be affirmed.

(**See** Trial Court Opinion, filed January 5, 2017, at 3-5) (internal citations omitted). The record supports the court's analysis. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017