J-S83005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIEL CORRIGAN, :
:
Appellant : No. 3771 EDA 2016

Appeal from the Judgment of Sentence October 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0006687-2015

BEFORE: GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 17, 2018**

Appellant, Daniel Corrigan, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas following his convictions after a bench trial of, *inter alia*, two counts each of Theft by Unlawful Taking, Simple Assault, Terroristic Threats, and related charges, including various firearms violations. Appellant challenges only the weight of the evidence. We affirm.

The trial court set forth the underlying facts and we need not repeat them in detail. *See* Trial Court Opinion, filed 2/15/17, at 2-3. Briefly, Appellant, along with two accomplices, robbed two teenagers and threatened them with a gun, stating "Don't run or I'll shoot." *Id.* The victims eventually fled and called police, identifying one of Appellant's accomplices by name and Appellant's vehicle.

Officers familiar with both Appellant and his accomplice located Appellant's vehicle in the same neighborhood and stopped the vehicle. After Appellant's accomplice told police where the items taken from the victims could be found, police recovered the victims' belongings from the street near Appellant's vehicle, along with a .22-caliber firearm loaded with six live rounds. Appellant did not have a license to possess his firearm, and he was prohibited from possessing any firearm due to his prior Burglary conviction.

After a bench trial, the trial court convicted Appellant of the above offenses. On October 24, 2016, the trial court sentenced Appellant to an aggregate term of 4½ to 10 years' incarceration, followed by five years' probation. Appellant did not file a Post-Sentence Motion.

On November 16, 2016, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant challenges the weight of the evidence. *See* Appellant's Brief at 7-12.

As an initial matter, a challenge to the weight of the evidence must be preserved either in a Post-Sentence Motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607(A)(1)-(3). "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. If an appellant never gives the trial court the opportunity to provide relief, then there is no discretionary act that this

Court can review. ***Commonwealth v. Thompson***, 93 A.3d 478, 491 (Pa. Super. 2014).

A claim challenging the weight of the evidence cannot be raised for the first time in a Rule 1925(b) Statement. ***Commonwealth v. Burkett***, 830 A.2d 1034, 1037 (Pa. Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) Opinion. ***Id.*** at 1037 n.3.

Our review of the record indicates that Appellant failed to raise the issue in the trial court prior to sentencing or in a Post-Sentence Motion. Rather, Appellant raised his weight claim for the first time in his Rule 1925(b) Statement. ***See*** Pa.R.Crim.P. 607; ***Burkett, supra***. Accordingly, we find that Appellant has waived his challenge to the weight of the evidence.

Even if Appellant had preserved his challenge to the weight of the evidence, we conclude he would not be entitled to relief. A trial court will not grant relief on a weight of the evidence claim unless the verdict is so contrary to the evidence as to shock one's sense of justice. ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007). An appellate court will not substitute its assessment of credibility for that of the finder of fact. ***Commonwealth v. Manley***, 985 A.2d 256, 262 (Pa. Super. Ct. 2009).

On appeal, this Court may not consider the underlying question of whether the verdict is against the weight of the evidence; instead, we are limited to evaluating only the trial court's exercise of discretion in denying that claim. ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" ***Id.*** (citations omitted, emphasis in original). The trial court's denial of a weight claim is the least assailable of its rulings. ***Commonwealth v. Diggs***, 949 A.2d 873, 879-80 (Pa. 2008). ***See Commonwealth v. Morgan***, 913 A.2d 906, 909 (Pa. Super. Ct. 2006) (stating that because trial court is in best position to view the evidence presented, an appellate court will give that court "the utmost consideration" when reviewing its weight determination).

After a thorough review of the certified record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we conclude that there is no merit to Appellant's weight of the evidence claim on appeal. The trial court carefully evaluated the record and the evidence in reviewing Appellant's weight claim. ***See*** Trial Court Opinion at 3-5. We discern no abuse of discretion in the trial court's denial of Appellant's weight claim. Accordingly, we affirm.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/18