J-S29039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARRY DAVID SWARTZWELDER | : | |
| | : | |
| Appellant | : | No. 283 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 22, 2025
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000214-2023

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: October 22, 2025**

Appellant, Garry David Swartzwelder, appeals *nunc pro tunc* from the judgment of sentence imposed following his conviction of one count of driving under the influence (DUI) – general impairment, 3rd offense, 75 Pa.C.S. § 3802(a)(1).  Appellant suggests that his guilty verdict is contrary to the weight of the evidence because the Commonwealth did not enter the arresting officer's body-cam video into evidence at trial.  We affirm.

By the amended information filed in this case on March 13, 2023, Appellant was charged with one count of DUI as noted above and a second count of reckless driving, 75 Pa.C.S. § 3736(a).  The trial court set forth the facts of this case, as follows:

> On December 8, 2022, at approximately 1:41 AM, Patrolman Jeffrey Householder of the Center Township Police Department was patrolling Center Grange Road in the area of Gourley Lane.  During patrol, Officer Householder testified that he viewed a white utility van traveling very slowly on the roadway

approximately 15 minutes prior to seeing the same vehicle stuck in the grass approximately 30 yards off the roadway, in the yard of a residence located at 394 Center Grange Road. The officer observed a male in the driver['s] seat that appeared to be asleep[. This man was later identified as Appellant].

Upon approaching the vehicle, Officer Householder observed that the van was stuck and that the vehicle operator had created large ruts in the yard while attempting to drive out. Furthermore, the tire marks from the roadway as viewed by the officer indicated that the vehicle operator had lost control of his vehicle.

Officer Householder approached the driver-side window of the van and observed that [Appellant] was now awake with his eyes partially open and appearing disoriented and confused. The officer further noted that [Appellant's] eyes were glassy and his speech was slurred. When the officer asked [Appellant] if everything was okay, [Appellant] responded that he was waiting for a ride. Officer Householder questioned [Appellant] as to why he was in the yard, to which [Appellant] was unable to provide a reason. When the officer asked for [Appellant's] license, registration, and proof of insurance, the officer viewed that [Appellant's] motor skills were sluggish and that he appeared to have difficulty accomplishing basic tasks. Officer Householder also smelled a strong odor of alcohol originating from [Appellant].

[Appellant] provided Officer Householder with his driver's license and an expired insurance card, at which point the officer confirmed [Appellant's] identity and advised him that he appeared [to be] impaired. When questioned by the officer, [Appellant] stated that he had two alcoholic beverages and was coming from his brother's home. The officer asked [Appellant] about the location of his brother's house and [Appellant] would not provide an answer.

Officer Householder requested that [Appellant] exit his vehicle, to which he complied, and questioned him as to whether he was willing to submit to a field sobriety test, to which [Appellant] replied that he would. While [Appellant] was exiting the vehicle, the officer observed that he had poor balance and appeared to have urinated on himself. After the officer directed [Appellant] out of the yard and onto a level portion of the roadway in order to administer the test, the officer viewed [Appellant] lose his balance multiple times during the walk.

[Officer Householder requested Appellant to perform various field sobriety tests, which Appellant was unable to successfully perform.]

Officer Household[er] advised [Appellant] that he was under arrest for driving while impaired. The officer requested that [Appellant] submit to a breath test, to which [Appellant] initially consented to but then refused.

The officer handcuffed [Appellant] and transported him to the police station, where the officer read and advised [Appellant] on the DL-26A, the chemical testing warning for a breath test. [Appellant] stated that he understood his rights and signed the form as a refusal. [Appellant] was advised to expect charges in the mail and was released from custody.

Trial Court Opinion (TCO), 4/24/25, at 2-4.

After a non-jury trial on December 9, 2024, Appellant was convicted of DUI, but found not guilty of reckless driving. The trial court sentenced Appellant on January 22, 2025, to serve two years' probation. On February 25, 2025, defense counsel sought permission to file a notice of appeal *nunc pro tunc* on Appellant's behalf. The motion was granted on March 3, 2025, and Appellant filed his notice of appeal the same day. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following claim:

Whether … Appellant's conviction should be reversed as being against the weight of the evidence, where the Commonwealth failed to introduce evidence of [a] video recorded by the officer of … Appellant's arrest, after the officer's testimony had been impeached by Appellant's testimony?

Appellant's Brief at 7.

Appellant asserts that the guilty verdict was contrary to the weight of the evidence provided because the Commonwealth did not introduce video

evidence of his arrest.  Specifically, Appellant argues:

> [T]he officer recorded his entire interaction at the scene with …
> Appellant and yet the Commonwealth failed to introduce this
> recording following the impeachment of the officer's testimony by
> … Appellant's.  When the Commonwealth, who bears the burden
> of proof, declines to show a video and audio record of an event
> introduced through testimony that has been substantially
> contested and impeached, their testimony should be viewed as
> being so tenuous, vague, and uncertain that the verdict should
> shock the conscience of the court.

*Id.* at 11-12.

Preliminarily, we note that a verdict is against the weight of the evidence "only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." ***Commonwealth v. VanDivner****,* 962 A.2d 1170, 1177 (Pa. 2009) (citation omitted).  "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." ***Commonwealth v. Miller***, 172 A.3d 632, 643 (Pa. Super. 2017) (citation omitted).  It is well-established that a weight of the evidence claim is addressed to the discretion of the trial court, and "[a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." ***Commonwealth v. Widmer****,* 744 A.2d 745, 752 (Pa. 2000). When evaluating the trial court's ruling, we must remember that an abuse of discretion is not merely an error in judgment.  ***Commonwealth v. Arnold***, 284 A.3d 1262, 1277 (Pa. Super. 2022).  Instead, an abuse of discretion is shown when a court's decision is based upon bias, partiality, prejudice, ill-will, manifest unreasonableness, or a misapplication of the law.  ***Id.***  By contrast,

a proper exercise of discretion conforms to the law and is based on the facts of record. *Id.*

When raising a challenge to the weight of the evidence, an appellant must preserve the issue by first presenting the claim to the trial court, as follows:

**Rule 607. Challenges to the Weight of the Evidence**

(A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

Pa.R.Crim.P. 607(A)(1)-(3). "[A] challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004). A claim challenging the weight of the evidence cannot be raised for the first time in a Rule 1925(b) statement. ***Commonwealth v. Burkett***, 830 A.2d 1034 (Pa. Super. 2003). An appellant's failure to avail himself of any of the methods for presenting a weight of the evidence issue to the trial court in the first instance constitutes waiver of that claim, even if the trial court responds to the claim in its Rule 1925(a) opinion. *Id.*

Here, Appellant did not raise a weight of the evidence claim orally in court before his sentence was imposed. He also did not file any written motion containing the claim, either before or after sentencing. He has thus failed to

- 5 -

preserve his weight of the evidence claim on appeal. Pa.R.Crim.P. 607; **Commonwealth v. Delamarter**, 302 A.3d 1195, 1200 (Pa. Super. 2023) (finding a weight claim waived for not first raising the issue at trial, in an oral or written motion prior to sentence, or in a post-sentence motion).

Furthermore, even if Appellant had preserved his issue regarding the weight of the evidence, he would not be entitled to relief. Again, the role of the Superior Court on appeal is to evaluate the trial court's consideration of the weight of the evidence claim. **Widmer**, 744 A.2d at 752. The role of the trial court in addressing a weight claim is to determine whether, notwithstanding all the evidence, certain facts are so clearly of greater significance that to ignore them, or to give them equal importance with all other facts from the case, is to deny justice. **Id.** Even so, because a motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to support the verdict, the trial court is under no obligation to review the evidence in the light most favorable to the verdict winner. **Id.** Finally, appellate review "is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." **Commonwealth v. Diggs**, 949 A.2d 873, 879 (Pa. 2008).

In rejecting Appellant's weight of the evidence claim, the trial court concluded that no relief was available, stating, in pertinent part:

> This [c]ourt presided over [Appellant's] non-jury trial and observed all testimony and evidence presented. [Appellant's] position that his conviction should be reversed due to the

Commonwealth's failure to introduce video footage evidence recorded by the officer of [Appellant's] arrest is moot in regards to an appeal on the weight of the evidence. … Video evidence of these events, though compelling to this [c]ourt to clarify the credibility of the Commonwealth's case, if such video evidence was available, is not necessary when alternative evidentiary mediums, such as the officer's testimony, provide the required elements under the law for the Commonwealth to meet its burden when presenting its case before this [c]ourt. This [c]ourt found Officer Householder's testimony recalling the events of December 8, 2022[,] to be credible and sufficient in meeting the Commonwealth's burden for the DUI charge against [Appellant].

[Appellant] further avers that Officer Householder's testimony was impeached by the testimony provided by [Appellant]. This [c]ourt disagrees. Though there were conflicting recollections between the testimony provided by Officer Householder and [Appellant], the undersigned Judge, having presided over this case as the sole fact-finder, found the officer's testimony of the events credible and thus issued a verdict accordingly. As the sole finder of fact in this case, it is within the discretion of the undersigned Judge to determine such matters of credibility regarding testimony presented at trial. This determination of the officer's credibility was rationally made, considering the officer's position on the police force and the officer's recollection of events having been consistent and detailed.

Furthermore, [Appellant's] testimony only differed from the officer's testimony in part, with [Appellant's] testimony even bolstering the Commonwealth's case as the officer approached [Appellant's] vehicle when it was stationary in a yard, having seen the van being driven earlier, and [Appellant] provided further context in his testimony that he had been the one driving the van prior to his interaction with the officer.

Where the officer's and [Appellant's] testimonies otherwise conflict, the disputed facts are either immaterial to the DUI charge (such as [Appellant's] assertion that he was wide awake upon the officer's approach to his vehicle, conflicting with the officer's testimony that he appeared asleep upon the officer's arrival to the scene) or could have been resolved through the breath test that [Appellant] refused…. [T]his [c]ourt finds Officer Householder's experience and observations regarding [Appellant's] impairment to be compelling, as the officer derived his opinion from

[Appellant's] (1) disorientation and confusion, (2) glassy eyes, (3) slurred speech, (4) difficulty answering basic questions and completing basic tasks, (5) sluggish motor skills, (6) strong odor of alcohol, (7) poor balance, (8) appearance to have urinated on himself, and (9) poor performance on the field sobriety tests. Officer Householder's observations and opinion provided the causal link between the alcohol in [Appellant's] system (as there is no dispute between the officer's and [Appellant's] testimony that some amount of alcohol had been consumed by [Appellant] prior to his operating the vehicle) and his unsafe driving as Section 3802(a)(1) requires.

***

This [c]ourt found that the evidence in this case proved [Appellant's] guilt to DUI beyond a reasonable doubt. This [c]ourt does not find that this verdict was so contrary to the evidence as to shock one's sense of justice, as would be necessary for a defendant to prevail on a challenge to the weight of the evidence on appeal.

TCO at 5-8 (footnote omitted).

After reviewing the record, we would discern no abuse of discretion in the court's decision. As the trial court sat as the fact-finder at Appellant's trial, it was tasked with evaluating witness credibility, and was free to believe all, some, or none of the evidence presented. *Commonwealth v. Emler*, 903 A.2d 1273, 1276 (Pa. Super. 2006). Appellant essentially requests that we replace the trial court's credibility determinations with our own; this we cannot do. *See Commonwealth v. Watson*, 292 A.3d 562, 570 (Pa. Super. 2023) ("[I]t is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not

be disturbed on appeal if they are supported by the record.") (citation omitted).

We only add to the trial court's observations by noting that, had Appellant been convinced that the officer's body cam footage was essential to exonerate him, Appellant could have subpoenaed the body-cam footage on his own to present at his trial. There are no indications in the record that Appellant filed a discovery request for the body-cam video or otherwise sought to preserve this evidence. Appellant certainly had the time to litigate any discovery issues, as his trial was continued nine times between July 18, 2023 and December 3, 2024. Appellant also alleged no proposed **_Brady_**[1] violations before his trial. There is no requirement that the Commonwealth present any video evidence at all to satisfy its burden of proof if the trial testimony sufficiently establishes guilt. Thus, had we considered the merits of Appellant's claim, he would not be entitled to a new trial.

Judgment of sentence affirmed.

---

[1] **_Brady v. Maryland_**, 373 U.S. 83 (1963), addresses the due process violation which would occur if evidence favorable to a defendant is improperly withheld by the prosecution prior to the defendant's trial.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/22/2025