J-S32028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY HOLSTON JR. | |
| Appellant | No. 2591 EDA 2016 |

Appeal from the Judgment of Sentence imposed March 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0011205-2014

BEFORE:  GANTMAN, P.J., STABILE, and FITZGERALD[*], JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 18, 2017**

Appellant, Gregory Holston Jr., appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County imposed on March 18, 2016.  Appellant challenges the weight of the evidence, the sufficiency of the evidence, and the discretionary aspects of his sentence.  Upon review, we affirm.

The underlying facts are uncontradicted.  Briefly, Philadelphia Police Officers Outlaw and Caesar responded to a radio call at 5900 Pine Street in Philadelphia.  Upon arrival, the officers pulled next to a black Chevrolet Malibu and observed the driver and her passenger, later identified as

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant, with their faces covered by ski masks and wearing rubber gloves. Officer Outlaw opened the passenger door and observed a rifle, with the stock of the rifle next to Appellant's leg. At trial the Commonwealth offered into evidence a ballistic report showing that the rifle was operable, a certificate of non-licensure, and Appellant's criminal record showing a prior conviction making him ineligible to possess a firearm. At the conclusion of the trial, Appellant was convicted of possession of a firearm prohibited and carrying a firearm in public in Philadelphia.[1] This appeal followed.

Appellant raises three main claims: (A) Appellant's guilty verdict is against the weight of the evidence, (B) the evidence is insufficient to sustain "a conviction,"[2] and (C) the sentence is manifestly excessive. Appellant's Brief at 2. For the reasons explained below, Appellant is entitled to no relief.

Pennsylvania Rule of Criminal Procedure 607 requires that a "claim that the verdict is against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or

---

[1] 18 Pa.C.S.A. §§ 6105, 6108, respectively.

[2] It should be noted Appellant was not generally "convicted," rather he was convicted of possession of a firearm prohibited and carrying a firearm in public in Philadelphia. We also note Appellant uses "conviction" and "convictions" throughout his brief interchangeably despite the fact he was convicted of two crimes, and that Appellant failed to set forth the elements of the two crimes, generally arguing instead that the Commonwealth failed to prove he possessed the rifle.

(3) in a post-sentence motion." Pa.R.Crim.P. 607. This claim must be presented to the trial court while it exercises jurisdiction over a matter since "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (2003) (citation omitted), *appeal denied*, 927 A.2d 648 (Pa. 2007). Instantly, Appellant failed to raise the weight of the evidence claim orally or in writing prior to or after sentencing. In fact, Appellant raised it for the first time in his Rule 1925(b) statement, which is insufficient to preserve it for appellate review. *See Commonwealth v. Sherwood*, 982 A.2d 483 (Pa. 2009). In *Sherwood*, the Supreme Court noted:

> Regarding [a]ppellant's weight of the evidence claim[,] we note that [a]ppellant did not make a motion raising a weight of the evidence claim before the trial court as the Pennsylvania Rules of Criminal Procedure require. *See* Pa.R.Crim.P. 607(A). The fact that Appellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed [a]ppellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion.

*Id.* at 494 (footnote omitted). Because Appellant's weight of the evidence claim fails to comport with the above rules, we conclude it is waived.[3]

---

[3] Additionally, we note Appellant failed to comply with Pa.R.A.P. 2117(c) and 2119(e), both requiring Appellant to state the place of raising or preserving the weight of the evidence issue.

Under the sufficiency of the evidence claim's heading,[4] Appellant

challenges the sufficiency of the evidence to prove he possessed the firearm

_____

[4] In **Commonwealth v. Rahman**, 75 A.3d 497 (Pa. Super. 2013), this Court instructed:

> We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence supporting a defendant's conviction:
>
> > As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Id.** at 500-01 (Pa. Super. 2013) (quoting **Commonwealth v. Pettyjohn**, 64 A.3d 1072, 1074 (Pa. Super. 2013) (internal citations and quotations omitted)).

At issue here are the crimes defined at Section 6105 and 6108. For Section 6105, the Commonwealth must prove that the defendant possessed a firearm and that he had been previously convicted of a qualifying offense. **See** 18 Pa.C.S.A. § 6105. Regarding Section 6108, the Commonwealth must show evidence that the perpetrator carried a firearm on a public street or property in the City of Philadelphia. **See** 18 Pa.C.S.A. § 6108.

at issue here.[5]  Specifically, Appellant argues that the evidence is insufficient to prove he possessed the firearm because the Commonwealth failed to conduct "any fingerprint and DNA testing to prove knowledge and possession."  Appellant's Brief at 18.  However, Appellant fails to explain why the Commonwealth needed to conduct either of the above tests to prove possession.  Apparently, Appellant is unaware that possession can be exercised without actually holding the item in his hands.  The law recognizes constructive possession.  Indeed, the trial court found the rifle was positioned between Appellant's leg and the console of the vehicle, "extending from the floor to almost the ceiling."  Trial Court Opinion, 11/8/16, at 5.  In light of these findings, the trial court concluded, and we agree, that Appellant "exercise[d] a conscious dominion over the rifle[.]"  *Id.*

Finally, Appellant argues the trial court abused its discretion in sentencing him to consecutive terms of imprisonment totaling 7½ to 15

---

[5] In addition, under the same heading, Appellant alleges that the evidence is insufficient because: (1) there are contradictions in the officers' testimony, and (2) the Commonwealth "failed to disprove he was sick."  Appellant's Brief at 15.  Regarding the contradictions in the testimony, we note that the claim is a quintessential weight of the evidence claim, not a sufficiency of the evidence claim.  Appellant waived the instant weight of the evidence claim because, as mentioned above, Appellant failed to preserve it for our review.  Regarding the alleged Commonwealth's failure to prove he was sick, Appellant provided no other explanation or authority for such claim.  As such, we are unable to conduct a meaningful review of the claim.

years, followed by a 5-year probation term.[6] Assuming, without deciding, that Appellant raised a substantial question for our review and met all other requirements for us to review his challenge to the discretionary aspects of his sentence,[7] we conclude the trial court did not abuse its sentencing discretion.[8] The trial court stated that it "reviewed the pre-sentence reports

_____

[6] Appellant also avers the trial court considered only the gravity of the crimes, but failed to consider the "other section 9712(b) factors." Nowhere did Appellant elaborate on what other factors the trial court failed to consider. The claim is, therefore, waived for failure to articulate it in a meaningful way.

[7] *See Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).

[8] When reviewing a challenge to the discretionary aspects of sentence, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is

*(Footnote Continued Next Page)*

on [Appellant], along with all of the evidence presented, and clearly articulated the reasons for the sentence." Trial Court Opinion, 11/8/16, at 8. As to the reasons for the sentence, the trial court noted, *inter alia*, the facts of the case, Appellant's extensive criminal history, and Appellant's inability to rehabilitate. *Id.* at 7-9. In light of the above, the trial court concluded that "[Appellant] is a danger to the community, and his affinity for illegally carrying firearms is going to result in serious injury, if not someone's death, if not abated. [Appellant] clearly has indicated he does not wish to live by the rules of our society and clearly not shown to change his felonious ways." *Id.* at 9. We agree with the trial court that the reasons for the sentence were explained and supported by the record. Accordingly, we conclude the trial court did not abuse its discretion in fashioning Appellant's sentence.

Judgment of sentence affirmed.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 820 A.2d 703 (Pa. 2003)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017