J-S60034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONAVIN LENDALL WILLIAMS | : | |
| MOORE | : | |
| | : | No. 311 WDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence January 23, 2017
In the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0000760-2016

BEFORE:   OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:         **FILED SEPTEMBER 12, 2017**

This is an appeal from the judgment of sentence entered in the Court

of Common Pleas of Fayette County following Appellant's conviction in a

non-jury trial on the charges of criminal attempt-homicide, aggravated

assault, recklessly endangering another person, firearms not to be carried

without a license, possession with the intent to deliver a controlled

substance, and possession of a controlled substance.[1]  We affirm.

Following his arrest, Appellant, who was represented by counsel,

proceeded to a bench trial on January 6, 2017, before the Honorable Gerald

_____

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a)(1), 2705, and 6106(a)(1); 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

R. Solomon. Judge Solomon has aptly summarized the testimony presented

at the bench trial as follows:

> In the early morning hours of March 25, 2016, Sanford Lewis observed two men arguing on the street in Masontown. N.T. 1/6/17 at 5. [He saw the men] enter[] a bar and, a short time later, the taller of the two came back out and headed to his vehicle. *Id.* The other man came out [of the bar] with a pool stick in his hand and struck the taller man in the back, after which an argument ensued. *Id.* After [the man swung the pool stick] again at the taller man, the taller man started firing a pistol. *Id.* at 5-6. [Mr.] Lewis recognized the [taller man, who was the shooter,] and identified him as Appellant. *Id.* at 7-8. The shorter of the two men [ ] ran away as Appellant continued to fire at him. *Id.* at 6, 15.
>
> Officer Michael Yeager of the Masontown Police Department [testified that, as he was responding to the scene, he] saw a black male, whom he identified as Willie Batie, running away. *Id.* at 18. [Upon arrival] at the scene, [Officer] Yeager was informed by [Mr.] Lewis that shots were fired. *Id.* at 19. [Officer] Yeager then began a search for [Mr.] Batie and found him on the porch of the home of [Mr.] Batie's father. *Id.* [Mr.] Batie's shirt was covered with blood. *Id.* Cutting off [Mr.] Batie's shirt to render aid, [Officer] Yeager observed three gunshot wounds, one in the stomach, one in the left shoulder[,] and one on the back of the left arm. *Id.* at 19-20.
>
> Later, [Officer] Yeager observed a surveillance video from a local business of the incident and identified the shooter as Appellant. *Id.* at 21. From the video, [Officer] Yeager [observed] the weapon prior to [Mr.] Batie swinging the pool stick and also observe[d] Appellant raise the weapon and fire. *Id.* at 22-23.
>
> Corporal Richard Hunter, assigned to the Forensic Services Unit of the Pennsylvania State Police, arrived at the crime scene at 4:43 [a.m. on] March 25, 2016. *Id.* at 28-29. At the scene, [Corporal] Hunter collected nine .32 auto casings and two deformed bullets. *Id.* at 30. As to [Corporal] Hunter, the Commonwealth and Appellant stipulated that he performed a gunshot residue test on Appellant, which revealed that Appellant may have recently discharged a firearm. *Id.* at 39-40.

[Police Officer] Alex Metros, [of] the Masontown Police Department, arrived at the crime scene and, after becoming aware of Appellant's location, went with other officers to [the] location. *Id.* at 44. After [Appellant] was taken into custody at the residence, a protective sweep was made of the residence and [Officer] Metros observed marijuana. *Id.* at 45. After transporting Appellant to the police station, [Officer Metros] returned to the residence and obtained the consent of Andrea Buchanan, the lessee of the residence, to search the residence. *Id.* at 45-46. The search of the residence revealed a large number of baggies of marijuana, [three] scales, a loaded .32 caliber handgun, paraphernalia, cell phones, ammunition, a weed stem, a shoulder holster, and *indicia* [of residence] for Appellant. *Id.* at 49-58.

[At trial,] the Commonwealth...called [Sergeant] John Brant, [of] the Brownsville Police Department[,] who rendered assistance in apprehending Appellant. *Id.* at 69-70. [Sergeant] Brant was examined and tendered as an expert in the field of drug distribution, manufacture[,] and intent to deliver controlled substances. *Id.* at 74-77. [Appellant] offered no objection to [Sergeant] Brant testifying as an expert. *Id.* at 79. [Sergeant] Brant took part in the protective sweep of the residence and observed drug paraphernalia and two [of the] scales. *Id.* at 71. He later took part in the search of the residence. *Id.* at 79. [Sergeant Brant testified that, in] his opinion, as an expert, from what was found during the search...Appellant possessed the drugs with the intent to deliver. *Id.* at 82. [Sergeant] Brant further opined that the *indicia* found at the residence [led] him to believe that Appellant lived [in] or occupied the residence. *Id.* at 87.

Following his apprehension, Appellant was interviewed by Sergeant Scott Miller of the Masontown Police Department. *Id.* at 89, 94. After [Sergeant] Miller advised Appellant of his ***Miranda*** rights, Appellant signed a ***Miranda*** Rights Warning Sheet. *Id.* at 95. Waiving his rights, Appellant admitted having an altercation with Willie Batie, admitted that the .32 caliber handgun found at the residence was his, and [admitted that] the suspected marijuana and paraphernalia was his. *Id.* at 99. Following [Sergeant] Miller's testimony, the Commonwealth and [Appellant] entered into a stipulation that the suspected marijuana found at the residence was, in fact, marijuana. *Id.* at 103-04.

The victim, Willie Batie, [testified] that on the night of the incident he was shot four times, suffered injuries, and was hospitalized. *Id.* at 104. He further testified that he did not know the person who shot him. *Id.* at 105.

Sergeant John Thacik, a Forensic Firearm and Tool [M]ark Examiner with the Pennsylvania State Police who was qualified to testify as an expert in the field of firearms and tool mark examination, [testified] without objection. *Id.* at 107, 109. [Sergeant] Thacik, [who] received the firearm at issue, along with undischarged bullets, determined that [the firearm] was functional; [he] then test fired the firearm and recovered the discharged bullets. *Id.* at 110-11, 114. He then compared the discharged bullets with two discharged and mutilated bullets[, which] he had received [from the] evidence[,] and determined that all four had been discharged from the firearm at issue. *Id.* at 114-16.

Following [Sergeant] Thacik's testimony, the Commonwealth rested. Appellant then rested without presenting any testimony or evidence.

Trial Court Opinion, filed 5/8/17, at 2-6.

At the conclusion of the trial, Judge Solomon convicted Appellant of the offenses indicated *supra*, and on January 19, 2017, Appellant, represented by counsel, proceeded to a sentencing hearing, at the conclusion of which the trial court sentenced Appellant to an aggregate of ten years to twenty years in prison. On January 23, 2017, the trial court *sua sponte* filed an amended sentencing order to reflect the correct charges at each count. This timely appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant presents the following issues:

1. Whether the verdict was against the weight of the evidence and the law since the Commonwealth did not establish that Appellant did not act in justifiable self-defense; and whether

the Commonwealth's evidence was insufficient to prove otherwise beyond a reasonable doubt?

2. Whether the verdict was against the weight of the evidence and the law since the Commonwealth did not establish that Appellant had the intent to deliver?

3. Did the Court err in permitting the police officer from testifying as an expert?

Appellant's Brief at 7.

In his first and second issues, Appellant intertwines claims that the trial court's verdicts were against the weight of the evidence and the evidence was insufficient to sustain his convictions. However, it is well-settled that weight of the evidence claims are distinct from sufficiency of the evidence claims. *See Commonwealth v. Widmer*, 560 Pa. 308, 318-19, 744 A.2d 745, 751-52 (2000). With regard to the former, in order to preserve the issue for appeal, an appellant "must present his challenge to the weight of the evidence to the trial court for a review in the first instance either in a post-sentence motion, by written motion before sentencing, or orally prior to sentencing." *Commonwealth v. Richard*, 150 A.3d 504, 516 (Pa.Super. 2016) (citing Pa.R.Crim.P. 607(A); *Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa.Super. 2013)). A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. *Commonwealth v. Burkett*, 830 A.2d 1034 (Pa.Super. 2003). An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim. *Id.*

In the case *sub judice*, as the trial court aptly suggested, Appellant failed to preserve his weight of the evidence claims. **See** Trial Court Opinion, filed 5/8/17, at 6. Specifically, despite being advised of his post-sentence rights, Appellant did not raise his weight of the evidence claims in a post-sentence motion. **See** Pa.R.Crim.P. 607(A). Also, he did not raise his weight of the evidence claims by written motion before sentencing or orally prior to sentencing. **See id.** Further, although Appellant included his weight of the evidence claims in his Rule 1925(b) statement, such efforts did not preserve the claims for appellate review. **See Burkett**, **supra**.

With regard to Appellant's sufficiency of the evidence claims, in his first argument, Appellant vaguely alleges the following:

> Appellant admitted that he shot the victim thereby admitting the elements. Based on [the] victim's reputation and demeanor, [A]ppellant believed that Castillo[2] was going to harm him, so [A]ppellant shot him.
>
> Therefore, based on the evidence presented by [A]ppellant, self-defense was applicable[.]

Appellant's Brief at 11 (footnote added).

We conclude that Appellant's first sufficiency argument does not permit meaningful review. Specifically, Appellant has not identified which convictions he is challenging, has not identified the evidence purportedly related to "the victim's reputation and demeanor," and has not otherwise

---

[2] Willie Batie was the victim in this case. Appellant has not properly identified or explained to whom "Castillo" refers.

developed an argument related to self-defense. Appellant's failure to discuss his sufficiency claim in any substantive, meaningful way has impeded our review. Accordingly, we find this claim to be waived. **See Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa.Super. 2013) (holding undeveloped claims to be waived).

In his second argument, with regard to the sufficiency of the evidence, Appellant baldly suggests the Commonwealth failed to prove he had the "intent to deliver" a controlled substance. **See** Appellant's Brief at 12. However, as with his previous sufficiency claim, Appellant's claim is woefully undeveloped. Specifically, aside from setting forth this Court's standard of review for sufficiency claims, and citing cases generally related to this standard of review, Appellant has not developed his claim in any meaningful manner. Accordingly, we find Appellant's second sufficiency claim to be waived. **See McDermitt**, **supra**.

With regard to his final issue, whether the trial court erred in permitting a police officer to testify as an expert at trial, Appellant has presented no argument. Rather, he simply indicates "Appellant is withdrawing said argument." Accordingly, we decline to review this issue further. **See id.**

For all of the foregoing reasons, we affirm Appellant's judgment of sentence.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2017