J-S22027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                               : PENNSYLVANIA
                                               :
                    v.                         :
                                               :
                                               :
                                               :
DEVON FRYER                                    :
                                               :
                    Appellant                  : No. 1750 EDA 2020

Appeal from the Judgment of Sentence Entered April 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009294-2015

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:            **FILED FEBRUARY 22, 2023**

Devon Fryer (Appellant) appeals *nunc pro tunc* from the judgment of

sentence entered in the Philadelphia County Court of Common Pleas following

his non-jury convictions of aggravated assault, simple assault, reckless

endangerment of another person (REAP), and possession of an instrument of

crime (PIC).[1]  Appellant's convictions stem from a knife attack on his girlfriend,

Michelle Walter (Victim).  He challenges both the sufficiency and weight of the

evidence as well as the trial court's rulings on the admissibility of evidence

pertaining to certain character evidence regarding Victim.  We affirm.

On July 9, 2015, around 1:30 a.m., Appellant and Victim engaged in a

verbal argument outside of the home she shared with her mother on

Fairmount Avenue in Philadelphia, Pennsylvania.  N.T. 1/27/17, at 30-31, 54,

_____

[1] 18 Pa.C.S. §§ 2702(a)(4), 2701(a)(1), 2705, 907(a).

60. The argument turned physical when Appellant pulled a "sheetrock knife" out of his pocket and stabbed Victim several times. *Id.* at 33. Victim called the police, who arrested Appellant later that night. *Id.* at 41, 73, 77. He was charged with aggravated assault, simple assault, REAP, and PIC.

This case proceeded to a bench trial on January 27, 2017, where the Commonwealth presented the testimony of Victim and Philadelphia Police Officers Eric Miller and Robert Snyder. The trial court summarized the evidence as follows:

> On July 9[, 2015, Victim] picked up [A]ppellant from his home in Lansdowne, [Pennsylvania] to spend the night at [Victim's] mother's house [on] Fairmount Avenue. When they arrived[, she] confronted [A]ppellant over his infidelity and lack of financial support for their child. [Victim] took [A]ppellant's phone out of his hands after he refused to let her look through his text messages[.] Appellant then got angry, calling [V]ictim names while trying to take his phone back. When [Appellant] was unable to get his phone back, [he] pulled a sheetrock knife he used in his construction job from his work . . . pants and started to stab [Victim] with it.
>
> [Victim] testified that the sheetrock knife was about 16 inches, but with "pointy little ridges[,]" making it more difficult to inflict a stab wound. [She] testified that [A]ppellant struck her with the knife "no more than [ten] times," in her arm, and also once in her left upper thigh. Most of the wounds felt more like "hard hits" that did not break the skin, but one bigger wound to her arm went through the skin and bled a lot.
>
> Appellant ran up the street once [Victim] told him she was calling the police. [Victim] told Officer Miller[, who responded to her 911 call,] that she . . . got into an argument with [Appellant], who had then punched her in the head, cut her with a knife, and stabbed her in the hand.
>
> [Victim] testified that she does usually carry a knife[. However, her] injuries are consistent with the unique nature of [A]ppellant's sheetrock knife.

At approximately 3:00 [a.m.], nearly two hours after the altercation, Officer Snyder [and his partner] found [A]ppellant walking down the 3900 block of Brown Street. [Officer] Snyder testified that [A]ppellant did not appear to be walking with a limp, but . . . told [the officer] he had been stabbed[. Appellant did not inform the officer "how" he got the stab wound]. Appellant provided . . . his name, at which point he was taken into custody pursuant to the investigation from earlier in the night and taken to the hospital.

Medical records from that night indicate that [A]ppellant had suffered a laceration to his leg, not a stab would that needed "20 stitches[," as Appellant claimed. Victim] missed "one or two days" of work due to the injury and felt some pain around the scar when she would touch it at trial.

Trial Ct. Op., 10/20/21, at 2-4 (paragraph breaks added); N.T. Trial (Waiver) Vol. 1, 1/27/17, at 73. Victim also testified that she "never stabbed" Appellant before or on July 9, 2015. N.T. 1/27/17, at 52.

Appellant claimed he acted in self-defense, testifying to the following: (1) Victim stabbed him in the leg with a pocketknife; (2) Victim's wound occurred when Appellant attempted to get the knife away from her, causing the knife to "poke[ ] her in the arm[;]" (3) after being stabbed, he "got some alcohol to relieve the pain[;]" (4) he told officers on the night of the incident that Victim stabbed him; (5) he received "20 stitches" for the stab wound, but also he was "not sure" how many stitches he received; (6) he did not intend to cause Victim harm on the night of the incident; (7) prior to this incident, Victim stabbed Appellant "14 times" on other occasions; (8) one of the 14 stabbings resulted in Victim's arrest where she was charged with attempted murder; and (9) he had further contact with Victim after the incident at issue

in September 2016.[2]  N.T. 1/27/17, at 80, 91-93, 96-97, 99-101, 110, 112-13, 119.

At the conclusion of the testimony, the trial court found Appellant guilty on all charges.  This matter proceeded to sentencing on April 28, 2017, where Appellant submitted medical documents related to: (1) a chest wound from 2008 he received after Victim stabbed him; (2) an injury he sustained after this incident related to an open matter in Delaware County where Appellant was the victim and Victim was the defendant; and (3) an incident in November 2016 where Victim stabbed him in the arm.  N.T. Sentencing Volume 1, 4/28/17, at 3, 24, 40.  During allocution, Appellant detailed a history of Victim stabbing him on several occasions both before and after the July 9, 2015, incident.  *Id.* at 35-48.  The trial court noted that the information in the pre-sentence investigation (PSI) report did not reflect the same injuries Appellant claimed Victim inflicted upon him.  *Id.* at 52.  The trial court then sentenced Appellant to two and a half to five years' incarceration followed by a term of five years' probation for his aggravated assault conviction.  Regarding his conviction for REAP, the court sentenced him to a term of five years' probation that was to be served concurrent to his probation for aggravated assault.  Appellant received no further penalty on the remaining charges.

---

[2] The details of this further contact were stricken from the record.  N.T. 1/27/17, at 110-11.

Appellant filed an untimely post-sentence motion, raising challenges to the sufficiency of the evidence and the discretionary aspects of sentencing, that was denied by operation of law. He also filed an untimely notice of appeal, which this Court quashed. Order, 5/18/18. Appellant then filed a timely, counseled petition under the Post-Conviction Relief Act (PCRA),[3] alleging trial counsel was ineffective for failing to file a timely post-sentence motion and notice of appeal. *See* Appellant's Amended Petition Under Post-Conviction Relief Act, 9/11/19, at 6, 9-12. The PCRA court granted the petition, allowing him to file a post-sentence motion and notice of appeal *nunc pro tunc*. Order, 9/10/20. Appellant did not file a post-sentence motion, but did file a timely notice of appeal and complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, he raises the following claims:

I.    Whether the evidence was insufficient to sustain guilty verdicts for aggravated assault[,] simple assault, and PIC where Appellant testified that [Victim] was the aggressor, that he never possessed the alleged weapon, that [Victim] was injured while he was attempting to get away from her, and where she had assaulted him on prior and subsequent occasions.

II.   Whether the verdicts were against the weight of the evidence when [Victim] was the aggressor, and [she] was arrested prior to trial for approaching and repeatedly striking him resulting in injury, particularly where Appellant's defense at trial was self-defense.

_____

[3] 42 Pa.C.S. §§ 9541-9546.

- 5 -

III.   Whether the trial court erred in not permitting Appellant to testify regarding [Victim's] aggressive and previous attacks on him, which resulted in injury and hospitalization.

IV.   Whether the trial court erred in not permitting Appellant to testify regarding [Victim's] subsequent arrest where she approached and repeatedly struck him causing injury, particularly where Appellant's defense at trial was self-defense, and where he alleged that she had previously, on multiple occasions attacked him causing injury.

Appellant's Brief at 8.[4]

First, Appellant challenges the sufficiency of the evidence supporting his convictions of aggravated assault, simple assault, and PIC. Appellant's Brief at 14. He maintains that for the trial court to "find [Victim's] testimony sufficient to sustain [these convictions] would be an extrapolation of inferences based on suspicion[.]" *Id.* at 19. Instead, he contends that his testimony demonstrated Victim was the initial aggressor, he was a victim merely acting in self-defense, and he never possessed a weapon. *Id.* at 20-21. Appellant then insists Victim's trial testimony was inconsistent where she stated: (1) Appellant violently attacked her, but she only received "a single stitch" later at the hospital; and (2) she did not stab Appellant that night even though medical records showed he suffered a stab wound. *Id.* at 19, 21-22. Appellant contends this "conflicting testimony . . . demonstrated the Commonwealth failed to meet its burden" at trial. *Id.* at 21.

We review a challenge to the sufficiency of the evidence by the following standard:

---

[4] Appellant's claims have been reordered for ease of review.

As a general matter, our standard of review [for a sufficiency claim] requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participating in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute out judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the . . . convictions will be upheld.

***Commonwealth v. Windslowe***, 158 A.3d 698, 708-09 (Pa. Super. 2017) (citation omitted).

An individual commits aggravated assault, a felony in the second degree, where they "attempt[ ] to cause or intentionally or knowingly cause[ ] bodily injury to another with a deadly weapon." 18 Pa.C.S. § 2702(a)(4). To be convicted of simple assault, the Commonwealth must demonstrate a defendant "attempt[ed] to cause or intentionally, knowingly or recklessly cause[ed] bodily injury to another." 18 Pa.C.S. § 2701(a)(1). A defendant is guilty of PIC when they possess "any instrument of crime with the intent to employ it criminally." 18 Pa.C.S. § 907(a).

Because Appellant's sufficiency challenge mainly pertains to his claim that the Commonwealth failed to meet its burden of disproving his self-defense argument, we note the following:

> While there is no burden on a defendant to prove the [self-defense] claim, before that defense is properly at issue at trial, there must be some evidence, from whatever source to justify a finding of self-defense. If there is any evidence that will support the claim, then the issue is properly before the fact finder.
>
> If the defendant properly raises "self-defense [,] the burden is on the Commonwealth to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense."
>
> The Commonwealth sustains this burden if it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.
>
> The Commonwealth must establish only one of these three elements beyond a reasonable doubt to insulate its case from a self-defense challenge to the evidence.

***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014) (citations omitted).

The trial court concluded the Commonwealth sustained its burden for the above offenses. Specifically, it opined:

> [Victim]'s testimony that [A]ppellant drew the knife from his pocket in anger after [she] took his phone . . . was found credible by the court. Furthermore, [Victim]'s testimony was corroborated by Officer Miller's testimony regarding . . . the night of the attack. In contrast, the [c]ourt agreed with the [Commonwealth] that [A]ppellant's account where [Victim]'s stab wound was inflicted in a struggle over [Victim]'s pocket knife would be truly "one in a million." In drawing the sheetrock knife and repeatedly slashing

[Victim] until [Appellant] inflicted an injury requiring stitches, [he] demonstrated the requisite intent for aggravated assault. [Victim] suffered serious bodily injury[,] was unable to work for several days after the attack, and was left with a scar and some lingering pain at the time of trial.

Trial Ct. Op. at 6. Further, the court stated the Commonwealth presented evidence that Appellant possessed and used a sheetrock knife to stab Victim, noting her injuries were "consistent with the unique properties of the sheetrock knife that [A]ppellant carried in his . . . pants for work." *Id.*

We agree with the trial court that the evidence supported the convictions. *See Windslowe*, 158 A.3d 708-09. Moreover, we note that Appellant's argument purporting to challenge the sufficiency of the evidence actually amounts to a request to reassess the testimony and evidence offered by the witnesses. Appellant asserts that this Court should reweigh the testimony, view the evidence in a light most favorable to him, and believe only his version of events. However, our standard of review precludes us from doing so and substituting our judgment for that of the factfinder. *See id.* Here, the trial court, sitting as factfinder, did not find Appellant's version of the incident credible. *See* Trial Ct. Op. at 6.

Further, Appellant's argument ignores that the Commonwealth presented evidence — by way of Victim's testimony — that he possessed a sheetrock knife, which he used to stab Victim several times after she took his phone. He also ignores that Victim's medical records are inconsistent with his account of the attack. While Victim may have initiated a verbal argument, there was no evidence she used a deadly weapon or unnecessary force against

Appellant. Rather, Appellant's actions transformed the incident into a physical assault when he took out his knife and stabbed her multiple times. Moreover, the testimony established Victim went to the hospital, received stitches, missed one to two days of work, and she still suffered from pain at the time of trial; whereas, Appellant only suffered a laceration to his leg, but not a stab wound.[5] Accordingly, he did not provide evidence justifying a finding of self-defense. *See Smith*, 97 A.3d at 787. As there was sufficient evidence presented to support Appellant's convictions of aggravated assault, simple assault, and PIC, no relief is due.

In his next argument, Appellant challenges the weight of the evidence. Appellant's Brief at 28. He reiterates much of his sufficiency claim, contending that Victim was the initial aggressor during the July 9, 2015, incident and he was only acting in self-defense. *Id.* Appellant then avers that Victim made false statements at trial that she "never stabbed" him. *Id.* He argues this was "instantly disproved" by Officer Miller's testimony that Appellant was "bleeding from a stab wound" after the incident as well as "medical and police reports showing that [Victim] repeatedly" stabbed him on previous occasions. *Id.* Further, Appellant maintains that Victim was arrested prior to trial for a separate incident where she "repeatedly" struck him, causing injury. *Id.*

---

[5] Officer Snyder testified that when he observed Appellant walking down the street after the altercation, Appellant did not have a limp. Trial Ct. Op. at 4.

The standard by which we review challenges to the weight of the evidence is well-settled:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the fact, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Williams*, 255 A.3d 565, 580 (Pa. Super. 2021) (citation omitted & paragraph break added).

Upon review, we conclude Appellant's challenge to the weight of the evidence is waived. To raise this claim on appeal, Appellant had to preserve it in the lower court either by objecting before sentencing or filing a post-sentence motion. *See* Pa.R.Crim.P. 607(A); *see also Commonwealth v. Gillard*, 850 A.2d 1273, 1277 (Pa. Super. 2004) ("As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.") (punctuation omitted); *Commonwealth v. Burkett*, 830 A.2d 1034, 1037 n.3 (Pa. Super. 2003) (generally, a claim challenging the weight of the evidence cannot be raised for the first time in a concise statement). Here, a

review of the record reveals Appellant did not raise the claim at sentencing, and he did not file a post-sentence motion.[6]  As such, this claim is waived.

In any event, had Appellant preserved his challenge to the weight of the evidence or properly briefed a challenge to the sufficiency of the evidence, we would affirm on the well-reasoned basis of the trial court opinion.  **See** Trial Ct. Op. at 6, 10-11 (concluding: (1) forensic evidence and Victim's credible testimony supported her account of the attack; (2) evidence presented at trial suggested Appellant was the aggressor and did not support his claims of self-defense; (3) medical records from the night of and the day after the incident disproved Appellant's testimony that he received "20 stitches" from his injury; (4) officer testimony corroborated Victim's story; (5) forensic evidence did not support Appellant's account; (6) the combination of forensic evidence and credible testimony from Victim and officers "allowed the [c]ourt to find the weight of the evidence against any self-defense claim[;]" and (7) the Commonwealth presented evidence of each element of the challenged convictions).

In his last two claims, Appellant challenges the admissibility of certain evidence.  We note the applicable standard of review:

---

[6] Appellant's initial post-sentence motion raised challenges to the sufficiency of the evidence and the discretionary aspects of his sentence.  Further, his initial PCRA petition raised ineffectiveness claims regarding only trial counsel's failure to file a timely post-sentence motion and notice of appeal.  He did not assert that counsel should have also raised a challenge to the weight of the evidence.  **See** Appellant's Amended Petition Under Post-Conviction Relief Act, 9/11/19, at 6, 9-12.

> Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Crosley*, 180 A.3d 761, 768 (Pa. Super. 2018) (citations omitted).

In Appellant's third argument, he contends the trial court erred when it precluded him from testifying about Victim's previous attacks on him. Appellant's Brief at 25. Appellant insists this testimony would have provided "motive for [Victim] stabbing him" during the July 2015 incident. *Id.* at 27. He maintains that his knowledge of her prior attacks demonstrates he was "in reasonable fear of danger" and was "critical" to prove his argument that he acted in self-defense. *Id.*

Relevant to Appellant's argument, Pennsylvania Rule of Evidence 404 states generally, that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Pa.R.E. 404(a)(1).[7] This rule,

_____

[7] We also note the "admissibility of proffered evidence generally depends on its relevance and probative value." *Commonwealth v. Rogers*, 250 A.3d 1209, 1215 (Pa. 2021). "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a facts at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002); Pa.R.E. 401. "All relevant evidence is admissible, except as otherwise provided by law.
*(Footnote Continued Next Page)*

however, also provides an exception that in a criminal case, the defendant may offer evidence of a victim's pertinent trait to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" where its probative value outweighs its potential for unfair prejudice." Pa.R.E. 404(a)(2)(B), (b)(2). It cannot be used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1). Further, generally, a witness's character for truthfulness cannot be attacked through extrinsic evidence relating to specific instances of conduct. Pa.R.E. 608(b)(1). However,

> in the discretion of the court, the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination concerning specific instances of conduct (not including arrests) of the other witness, if they are probative of truthfulness or untruthfulness; but extrinsic evidence thereof is not admissible.

Pa.R.E. 608(b)(2).

The trial court pointed out that contrary to Appellant's argument, it did allow him to testify regarding Victim's prior conduct pursuant to Rule 608(b)(2). Trial Ct. Op. at 9. Specifically, it opined:

> [It is] clear that [A]ppellant was allowed to testify that [Victim] had abused him prior to July 9, 2015. Under cross-examination,

Evidence that is not relevant is not admissible." Pa.R.E. 402. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.E. 403.

> after [Victim] claimed to have never stabbed [A]ppellant, the [c]ourt allowed [him] to testify to the contrary. Although a number of comments (particularly those regarding [Victim's] arrest subsequent to July 9, 2015) were stricken from the record, [A]ppellant specifically testified he had been "stabbed by [Victim] 14 times."

*Id.*

Our review of the trial testimony supports the court's determination. It is evident that Appellant was permitted to testify regarding previous incidents where he was stabbed by Victim after she claimed that she had never stabbed him. N.T. 1/27/17, at 100-01. He testified that: (1) Victim stabbed him 14 times, one of the incidents resulting in a stab wound to his chest; (2) he went to the intensive care unit (ICU) due to the chest injury; and (3) Victim was "arrested with the knife in her hand" from that specific incident. *Id.* at 100. The trial court admitted this testimony over the Commonwealth's objections. *Id.* at 100-01. Any testimony the court ruled inadmissible regarded incidents that took place after the 2015 stabbing. *Id.* at 101-02, 110-12. Appellant is seeking relief for evidence that was admitted at trial. As such, his argument has no merit.

In his final argument, Appellant avers the trial court erred when it did not permit him to testify about Victim's arrest **after** the July 9, 2015, incident. Appellant's Brief at 22. He argues Victim was arrested after she "repeatedly struck him causing injury," and this incident was admissible to show Victim's violent character. *Id.* at 22-23, *citing* **Commonwealth v. Busanet**, 54 A.3d 35, 51 (Pa. 2012) (a defendant may present character evidence "to prove the victim's violent propensities where self-defense is asserted, and where there

is a factual issue as to who was the aggressor"). Appellant also contends it was admissible to show "motive and intent" for the July 9th incident. **Id.** at 25.

The trial court stated it did not abuse its discretion when it precluded Appellant from testifying about Victim's arrest for the incident occurring after the July 9th stabbing. It specified that Appellant attempted to admit the evidence

> . . . in order to prejudice the [c]ourt against [Victim] and question her story. Under the Rules of Evidence, such testimony was properly ruled inadmissible as character evidence. **[Victim] had not been found guilty of the offense in question at the time [of] trial[.]** When considering the credibility of the [Victim] for her account of this particular incident, **the probative value of admitting evidence of other wrongdoing would have done too much to prejudice the court against her**. . . .

Trial Ct. Op. at 8 (emphasis added). Further, it concluded that without any evidence that the subsequent arrest could be used for another purpose under Rule 404(b)(2), the testimony would only serve to prejudice Victim without any probative value. **See id.** We agree.

Here, Appellant asserted that Victim's subsequent arrest would provide the trial court with evidence of motive and intent, and of Victim's violent character, which he alleges would be permitted under **Busanet**. Appellant's Brief at 23. We disagree for the following reasons. First, we note that Appellant **does not explain how a subsequent event** — Victim's arrest after July 9th — **would provide motive or intent for a prior incident** — Victim allegedly stabbing Appellant on July 9th. Next, we conclude the trial

court did not abuse its discretion when it found that any evidence regarding Victim's subsequent arrest would only serve to prejudice her without offering any probative value. Though **Busanet** supports Appellant's assertion on appeal that he may offer character evidence where he relies on self-defense, it does not provide that this evidence may be admissible where the trial court ruled its probative value was outweighed by prejudice, as it did here. The trial court did not see any probative value in the evidence, nor did Appellant argue it had any probative value at trial. Trial Ct. Op. at 8. Appellant failed to demonstrate the trial court abused its discretion when it did not admit this evidence, and as such, no relief is due. **See Crosley**, 180 A.3d at 768.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023