J-S29007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBIN LAVONNE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1227 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 25, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003461-2022

BEFORE:  DUBOW, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:          **FILED: NOVEMBER 26, 2024**

Appellant, Robin Lavonne Johnson, appeals from the judgment of sentence entered on May 25, 2023, for Driving Under the Influence ("DUI") of Controlled Substances and related charges.   Appellant asserts the court violated the *corpus delicti* rule, challenges the denials of her motion to suppress and her *habeas corpus* petition, and contends that the weight of the evidence does not support the jury's verdicts.  Appellant also asserts that the trial court erred in sentencing her for a second DUI offense based on her prior entry into Accelerated Rehabilitative Disposition ("ARD").  After careful review, we affirm the judgment of sentence.

On the evening of March 9, 2022, Harrison Township Police Officer Daniel Olszewski responded to a single car accident.  Upon arrival, the officer observed a vehicle against the guardrail with damage to both the vehicle and guardrail.  He saw Appellant slumped over in the driver seat, as the only

occupant of the vehicle. The trial court summarized the officer's testimony, which the court found credible:

> Officer Olszewski began to question [Appellant] about what happened, but she did not respond until she was removed from the vehicle. [Appellant] was having difficulty standing still when she exited the vehicle. She stared at the officer without answering. When she did respond, [Appellant] said she could not remember what had happened. She could not give a clear answer. [Appellant] said she was attempting to get to church, but when asked what church it was[,] she could not answer. She said there was a church in Freeport, but she could not remember the name. [Appellant] did not have visible injuries, was not bleeding, and EMS had examined her and cleared her.

Trial Ct. Op., 3/1/24, at 2-3 (unpaginated) (citations omitted). The evidence at the scene did not reveal any obvious cause of the accident, such as another vehicle or a deer.

The officer, however, observed that Appellant's "pupils were constricted to pinpoints" and that they did not expand or contract in response to his flashlight, which he knew to be indicative of drug use. *Id.* at 3. "Officer Olszewski asked whether [Appellant] had used illicit drugs or medical medication[,] and [Appellant] responded that she had a prescription for medical marijuana and had used a THC[-]based cream that day." *Id.* The officer, however, did not see any evidence of drug or alcohol use in the vehicle.

Appellant subsequently refused the officer's request that she perform field sobriety tests. Believing Appellant to be under the influence of controlled substances and incapable of safe driving, the officer arrested Appellant. Appellant agreed to go to the hospital for further evaluation as recommended

by EMS personnel, but she refused to submit to blood testing, after the officer provided the requisite DL-26 warnings.

On August 19, 2022, Appellant filed an omnibus pretrial motion. She sought a writ of *habeas* corpus, claiming that the Commonwealth failed to present the requisite *prima facie* evidence of DUI at the preliminary hearing. In connection with this claim, Appellant asserted the *corpus delicti* rule to argue that the Commonwealth could not rely on her statement that she had used THC cream earlier in the day. Appellant additionally sought to suppress her refusals to submit to field sobriety and blood tests, asserting that the officer did not have probable cause to arrest her for DUI based solely on Appellant's admission to using THC cream, which Appellant argued "cannot make you high." Omnibus Pre-Trial Motion, 8/19/22, at ¶ 50. Appellant also sought to suppress her admission to using THC cream claiming that the officer failed to provide her with **Miranda**[1] warnings. On November 18, 2022, following a hearing, the trial court denied Appellant's omnibus pretrial motion.

The trial court presided over a jury trial on January 25 and 26, 2023, at which Officer Olszewski was the only witness, and he testified to the facts set forth above. During argument, Appellant's counsel disputed the officer's determination that Appellant's behavior and physical conditions were evidence of her drug use, arguing instead that they could be symptoms of potential head injury. N.T., 1/25-26/2023, at 64.

---

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

On January 26, 2023, the jury found Appellant guilty of DUI-Controlled Substance.[2]  On May 25, 2023, the trial court imposed a sentence of 18 months of probation with restrictive conditions and a fine of $1,500 for DUI as a second offense, with no further penalty for Careless Driving and Driving an Unregistered Vehicle.[3]

On June 1, 2023, Appellant filed a post-sentence motion, which included a challenge to the sufficiency of the evidence but not the weight of the evidence.  Omnibus Post-Sentence Motion, 6/1/23, at ¶¶ 5-24.  The post-sentence motions were denied by operation of law on September 29, 2023, following the expiration of 120 days.  **See** Pa.R.Crim.P. 720(B)(3)(a). Appellant filed a timely notice of appeal.[4]  Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following questions on appeal:

> 1. Did the [c]ourt err as a matter of law and/or abuse its discretion when it admitted and later considered Appellant's statement,

---

[2] 75 Pa.C.S § 3802(d)(2).

[3] 75 Pa.C.S §§ 3714(a) and 1301(a), respectively.  During the sentencing hearing, the court found Appellant guilty of the summary traffic offenses.  N.T. Sentencing, 5/25/23, at 19.

[4] Appellant's notice of appeal, filed on October 9, 2023, was premature, as the clerk of courts failed to enter an order denying the post-sentence motions on September 29, 2023, as required by Rule 720(B)(3)(c).  The appeal, however, became ripe for appellate review on December 14, 2023, when the trial court entered the order denying the post-sentence motion as directed by this Court. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").

inasmuch as the Commonwealth did not establish a corpus for its admission into evidence under the rule of *corpus delicti* or establish a corpus by the higher standard of beyond a reasonable doubt required for its consideration by the factfinder at the deliberation stage?

2. Did the [c]ourt err as a matter of law and/or abuse its discretion when it denied Appellant's Motion to Suppress Statements when Appellant [] made statements during a stop, after the officer was required to read her **Miranda** Warnings?

3. Did the [c]ourt err as a matter of law and/or abuse its discretion when it denied Appellant's Petition for Writ of *Habeas Corpus*?

4. Did the [c]ourt err as a matter of law and/or abuse its discretion when it denied Appellant['s] Post-Sentence Motion, as the verdict was against the weight of the evidence and the jury had inappropriately shifted the burden of proof?

5. Did the [c]ourt err as a matter of law and/or abuse its discretion when it sentenced Appellant under the guidelines for a second DUI?

Appellant's Br. at 5-6.[5]

### *Corpus Delicti*

We review challenges to the trial court's *corpus delicti* determinations for abuse of discretion. **Commonwealth v. Murray**, 174 A.3d 1147, 1154 (Pa. Super. 2017). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-

_____

[5] The certified record did not initially include the trial transcript. We reiterate that "[i]t is the appellant's burden to ensure that the certified record contains" the relevant transcripts, and this Court may "take any appropriate action, including dismissing the appeal[,]" when an appellant fails to satisfy this burden. **Commonwealth v. Schifano**, 310 A.3d 769, 772 (Pa. Super. 2024) (citing Pa.R.A.P. 1911(d)). Nevertheless, we are able to evaluate Appellant's issues as the trial court forwarded the transcript upon this Court's request.

will[,] or partiality, as shown by the evidence or the record." ***Commonwealth v. Bullock***, 170 A.3d 1109, 1117 (Pa. Super. 2017) (citation omitted).

*Corpus delicti*, or the "body of the crime," requires the Commonwealth "to establish that a crime has actually occurred before a confession or admission of the accused connecting [her] to the crime can be admitted." ***Murray***, 174 A.3d at 1154 (citation omitted).  "This rule is rooted in the hesitancy to convict a person of a crime solely on the basis of that person's statements."  ***Bullock***, 170 A.3d at 1117 (citation omitted).  Application of the *corpus delicti* rule occurs in two phases:

> (1) In the first phase, the court determines whether the Commonwealth has proven the *corpus delicti* of the crimes charged by a preponderance of the evidence.  If so, the confession or extrajudicial statement of the defendant is admissible;
>
> (2) In the second phase, the rule requires that the Commonwealth prove the *corpus delicti* to the factfinder's satisfaction beyond a reasonable doubt before the factfinder is permitted to consider the confession or extrajudicial statement in assessing the defendant's innocence or guilt.

*Id.* (citations, alterations, and internal quotation marks omitted).

Appellant asserts that the trial court abused its discretion in allowing the jury to consider Appellant's statement that she used THC cream prior to the accident.  Appellant's Br. at 13-14.  She argues that "[o]utside of Appellant's statement, there was no evidence presented that Appellant was driving under the influence of any drug."  *Id.* at 14.  She attempts to refute the Commonwealth's reliance on her constricted pupils and being "slower[,]"

which Appellant maintains "could been due to several causes, including the accident that had just occurred." *Id.*

We conclude that the trial court did not abuse its discretion in determining that the Commonwealth provided sufficient evidence of a DUI, outside of Appellant's statement, to permit admission of the statement and, subsequently, to allow the jury to consider it in assessing Appellant's guilt. As the trial court held, the officer's observations of the accident scene and Appellant provided sufficient circumstantial evidence of DUI in the absence of her statement. Trial Ct. Op., 3/1/24, at 5. Specifically, the officer recounted that when he arrived at the accident Appellant was slumped over the steering wheel, could not stand still, expressed confusion as to what happened and where she was going, and had constricted pupils that did not react to his flashlight. The court also highlighted that there were no obvious external causes of the crash such as a deer or another vehicle. Accordingly, we conclude that the trial court did not abuse its discretion in determining that the Commonwealth presented sufficient evidence of DUI to satisfy both phases of the *corpus delicti* rule.

**Suppression**

Appellant next challenges the trial court's denial of her suppression motion, claiming that the officer violated her constitutional rights by failing to **Mirandize** Appellant prior to questioning her regarding her drug use. Appellant's Br. at 14-16. We review the denial of a suppression motion to determine "whether the factual findings are supported by the record and

- 7 -

whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017). While we are bound by the suppression court's factual findings that are supported by the record, we are not bound by its legal conclusions, which we review *de novo*. ***See id.*** Our scope of review is limited to the record before the suppression court, and, when the Commonwealth has prevailed below, "we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted." ***Id.***

The constitutional safeguards of ***Miranda*** "come into play whenever a person in custody is subjected to either express questioning or its functional equivalent." ***Commonwealth v. Williams***, 941 A.2d 14, 30 (Pa. Super. 2008) (citation omitted) (*en banc*). To determine whether police have subjected a person to a custodial detention, courts employ an objective standard "based on a totality of the circumstances, with due consideration given to the reasonable impression conveyed to the person interrogated." ***Commonwealth v. Mannion***, 725 A.2d 196, 200 (Pa. Super. 1999) (*en banc*).

Factors to consider in evaluating the totality of the circumstances include "the basis for the detention; its length; its location; whether the suspect was transported against his or her will, how far, and why; whether restraints were used; whether the law enforcement officer showed, threatened or used force; and the investigative methods employed to confirm or dispel suspicions." ***Id.*** During roadside investigations, police must provide ***Miranda***

warnings "when the suspect [has] actually [been] placed under arrest or when the questioning of the suspect is so prolonged or coercive as to approximate the atmosphere of a station house interrogation." ***Commonwealth v. Toanone***, 553 A.2d 998, 1003 (Pa. Super. 1989). This Court has observed that traffic stops usually constitute investigatory detentions, rather than custodial detentions, such that **Miranda** warnings are not required unless the stop involves "coercive conditions" equivalent to an arrest. ***Commonwealth v. Sloan***, 303 A.3d 155, 167 (Pa. Super. 2023).

Appellant argues that her statements should be suppressed because the officer failed to provide her with ***Miranda*** warnings while engaging in "prolonged and coercive" questioning prior to asking whether she was using any medications. Appellant's Br. at 15-16. Appellant contends that the officer asked this question "with the sole purpose of eliciting an admission out of Appellant[,]" such that the exchange was "both a custody and an interrogation" requiring **Miranda** warnings. ***Id.*** at 16. She further avers that Appellant was not able to leave the scene as her "vehicle was undrivable." ***Id.***

We conclude that the trial court did not err or abuse its discretion in denying suppression. Instead, we agree with the trial court that the officer's interactions with Appellant, prior to her statement regarding her use of THC cream, did not rise to the level of a custodial detention. Trial Ct. Op. at 5-6. Appellant fails to provide any support for her contention that the officer's questioning was prolonged and coercive. Instead, our review confirms that rather than being the equivalent of a station house interrogation, the officer

engaged in standard questioning to determine the cause of the accident and the status of Appellant, who was slumped over the steering wheel when the officer arrived. Accordingly, this issue warrants no relief.

### *Habeas Corpus*

Appellant argues that the trial court erred and abused its discretion in denying her petition for a writ of *habeas corpus*, asserting that the Commonwealth failed to produce *prima facie* evidence of DUI at the preliminary hearing. Appellant's Br. at 17-18. Appellant fails to acknowledge, however, that "any defects at a preliminary hearing regarding the sufficiency of the evidence are considered harmless" if the Commonwealth proves the offense beyond a reasonable doubt at trial. ***Commonwealth v. Wilson***, 172 A.3d 605, 610 (Pa. Super. 2017) (citations and internal quotation marks omitted). Stated differently, "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial." ***Commonwealth v. Dixon***, 276 A.3d 794, 799 (Pa. 2022) (citation omitted).

As applied to the instant case, because the jury found that the Commonwealth proved Appellant guilty of DUI beyond a reasonable doubt at trial, it is irrelevant what proof the Commonwealth presented at the preliminary hearing. ***Id.***

### Weight of the evidence/Burden of proof

Appellant next claims that the trial court erred or abused its discretion in denying her post-sentence motion asserting that the "verdict was against

the weight of the evidence and the jury had inappropriately shifted the burden of proof." Appellant's Br. at 19.

We first address Appellant's claim that the verdict was against the weight of the evidence. We conclude that Appellant waived this issue. It is well-established that "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A)(1)-(3). "An appellant's failure to avail [herself] of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim[,]" even if the trial court responds to the claim in its Rule 1925(a) opinion. ***Commonwealth v. Weir***, 201 A.3d 163, 167 (Pa. Super. 2018); ***see also Commonwealth v. Burkett***, 830 A.2d 1034, 1037 n.3 (Pa. Super. 2003). As Appellant did not challenge the verdict as against the weight of the evidence prior to filing her Pa.R.A.P. 1925(b) statement, we conclude that she waived this claim.[6]

Appellant also asserts that the jury improperly shifted the burden of proof to Appellant to demonstrate that she had a medical marijuana card. Appellant's Br. at 19-20. In support of her claim, Appellant contends that, during deliberations, the jury submitted questions to the trial court that

---

[6] Moreover, we observe that the trial court in its Rule 1925(a) opinion found that the verdict did not shock the court's conscience in light of the evidence presented at trial. Trial Ct. Op. at 7.

contained another question that the jury had scratched out. Appellant's Br. at 19. Appellant alleges that, in the scratched-out question, "the jury wished to know if it had an obligation to consider the failure of Appellant to present" evidence of her medical marijuana card. *Id.* She maintains the existence of this question indicates that the jury "improperly shifted the burden" of proof. *Id.* at 20.

Appellant, however, fails to cite to the relevant portion of the record evincing the relevant question.[7] "When an allegation is unsupported [by] any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for purposes of appeal." *Commonwealth v. Harris*, 979 A.2d 387, 393 (Pa. Super. 2009); *see also* Pa.R.A.P. 2119(c) (requiring parties' arguments to "set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears"). Accordingly, we find this issue waived.

### Sentencing

Finally, Appellant asserts that the trial court erred in sentencing Appellant for a second DUI offense when she entered into ARD following her

---

[7] Indeed, the Commonwealth asserts that the "written jury question is nowhere in the certified record, or even [A]ppellant's reproduced record[,]" and "at no point did the lower court, the Commonwealth, or defense counsel mention such a scratched-out question during trial." Commonwealth's Br. at 18. Our review of the portion of the Notes of Testimony addressing the jury questions confirms the Commonwealth's assertions. N.T., 1/25-26/2023, at 96-100.

- 12 -

first DUI arrest in November 2019.[8]  Appellant's Br. at 20-22.  She argues that at the time of the instant sentencing she had not been convicted of a prior DUI for purposes of increased sentencing under 75 Pa.C.S. § 3804. **Appellant's Br.** at 21-22.

Appellant incorrectly states that the Supreme Court in **Commonwealth v. Verbeck**, 290 A.3d 260 (Pa. 2023), held that ARD "does not qualify as a prior conviction that could compel an increased sentence."  **Appellant's Br.** at 20.  The Supreme Court, however, did not hold as she suggests but instead issued an evenly divided decision in **Verbeck**, 290 A.3d at 261.  Indeed, the issue of whether it is "unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes" is again before the Supreme Court in **Commonwealth v. Richards**, 294 A.3d 300 (Pa. 2023) (granting allowance of appeal), and also in **Commonwealth v. Shifflett**, 316 A.3d 616, 617 (Pa. 2024) (same).[9]

As of this writing, we are bound by our precedent in **Shifflett**, **Commonwealth v. Richards,** 284 A.3d 214 (Pa. Super. 2022) *(en banc)*, and **Commonwealth v. Moroz**, 284 A.3d 227 (Pa. Super. 2022) (*en banc*),

---

[8] Appellant acknowledges that, as a result of the instant DUI, the trial court adjudicating the 2019 DUI removed Appellant from ARD.  Following a non-jury trial, the court adjudicating the 2019 DUI convicted Appellant of DUI in July 2023.  Appellant has appealed her July 2023 judgment of sentence, which is pending before this Court at 1444 WDA 2023.

[9] On October 30, 2023, the Supreme Court initially held the petition for allowance of appeal in **Shifflett**, at docket number 282 MAL 2023, pending **Richards** but later granted allowance of appeal in **Shifflett** on April 3, 2024.

which held that "the portion of Section 3806(a) [of the Vehicle Code], which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." *Moroz*, 284 A.3d at 233 (overruling the prior contrary decision in *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020)). Accordingly, the trial court did not err in sentencing Appellant in the instant case as a second offense, because "she was in ARD for a first DUI at the time of the guilty verdict." Trial Ct. Op. at 7. Moreover, as the Commonwealth observes, "even if [A]ppellant were correct on the merits, a remand would be futile because she has since been convicted of [the November 2019 DUI in 2023]. A remand for resentencing would take this subsequent conviction into account, mooting this issue entirely." Commonwealth's Br. at 24. Accordingly, we conclude that the trial court did not err in sentencing Appellant for a second DUI offense based upon her prior entry into ARD.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/26/2024

- 14 -